ANSTEAD, Judge,
dissenting:
Applying the reasoning of the Supreme Court in Coler v. State, 418 So.2d 238 (Fla.1982), and the Third District in Sias v. State, 416 So.2d 1213 (Fla. 3d DCA 1982), I would hold that the trial court erred in admitting evidence of prior acts of misconduct by the appellant and reverse for a new trial. In addition, it is clear that appellant’s past misconduct, rather than the episode for which he was tried, became the focus of the trial, and the prejudicial impact of such evidence far outweighed any probative value as to the pending charge. Straight v. State, 397 So.2d 903 (Fla.1981). In short, the appellant was tried for his past misconduct rather than the offense charged.